IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-23791

CHRISTON KNOWLES,
an Individual,

    Plaintiff,

v.

PRESTIGE AUTO MIAMI LLC,
a Florida limited liability company, and
CIG FINANCIAL
a California limited liability company,

    Defendants.
_____/

**DEFENDANTS', PRESTIGE AUTO MIAMI LLC AND CIG FINANCIAL, ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants, PRESTIGE AUTO MIAMI LLC AND CIG FINANCIAL (collectively hereinafter referred to as "Defendants"), by and through his undersigned counsel and pursuant to Rule 12(b), Federal Rules of Civil Procedure, hereby serves their Answer and Affirmative Defenses to the Complaint filed by Plaintiff, CHRISTON KNOWLES (hereinafter referred to as "Plaintiff"), and state:

### I.    GENERAL ALLEGATIONS

**A.**    *Allegations as to Parties*

    1.    Plaintiff's first allegation is admitted.

    2.    Plaintiff's second allegation is denied.

    3.    Defendants are without knowledge as to Plaintiff's third allegation, which is therefore, denied.

    4.    Plaintiff's fourth allegation is admitted.

**B.**    *Factual Allegations*

### a. Purchase of Vehicle – an Undisclosed Daily Rental

5. Plaintiff's fifth allegation is admitted as to the date Plaintiff visited the Dealership. Defendants are without knowledge as to the remaining allegations, which are, accordingly, denied.

6. Defendants are without knowledge as to Plaintiff's sixth allegation, all of which are, therefore, denied.

7. Plaintiff's seventh allegation is denied.

8. Plaintiff's eight allegation is denied.

9. Plaintiff's ninth allegation is denied.

10. Plaintiff's tenth allegation is admitted as to the Vehicle being previously titled in the name of Hertz Vehicles LLC. Defendants are without knowledge as to the use of the Vehicle, such allegation is, accordingly, denied. All allegations not specifically admitted are denied.

11. Plaintiff's eleventh allegation is denied.

12. Plaintiff's twelfth allegation is denied.

13. Plaintiff's thirteenth allegation is admitted.

14. Plaintiff's fourteenth allegation is admitted.

15. Plaintiff's fifteenth allegation is admitted.

16. Defendants are without knowledge as to Plaintiff's sixteenth allegation, all of which are, therefore, denied.

### b. Discovery of Dealership Deception Through Concealment of Title History

17. Defendants are without knowledge as to Plaintiff's seventeenth allegation, all of which are, therefore, denied.

18. Defendants are without knowledge as to Plaintiff's eighteenth allegation, all of which are, therefore, denied.

19. Defendants are without knowledge as to the Plaintiff's nineteenth allegation, including the Vehicles Title History and the validity of the document attached, therefore, denied.

20. Defendants are without knowledge as to Plaintiff's twentieth allegation, all of which are, therefore, denied.

21. Plaintiff's twenty-first allegation is denied.

22. Plaintiff's twenty-second allegation is denied.

c. *Finance Company Liability*

23. The language within 16 C.F.R. §433 speaks for itself, therefore, Plaintiff's twenty-third allegation is denied.

24. The language within the FTC Holder Rule speaks for itself, therefore, Plaintiff's twenty-fourth allegation is denied.

25. Admitted. The language within F.S. §516.31(2) speaks for itself, therefore, Plaintiff's twenty-fifth allegation is denied.

26. The language within the Florida Holder Rule speaks for itself, but the applicability of Plaintiff's twenty-sixth allegation is denied.

27. Plaintiff's twenty-seventh allegation is denied.

28. Plaintiff's twenty-eighth allegation is denied.

29. Plaintiff's twenty-ninth allegation is denied.

## COUNT I
### ACTION FOR VIOLAITON OF THE FEDERAL ODOMETER ACT
*Against Dealership and Holder*

30. Defendants reallege and reaver the Answers set forth in Paragraphs 1 through 29 above as is fully set forth herein.

31. Plaintiff's thirtieth allegation is admitted.

32. Plaintiff's thirty-first allegation is admitted.

33. Plaintiff's thirty-second allegation is admitted.

34. Plaintiff's thirty-third allegation is admitted.

35. Plaintiff's thirty-fourth allegation is denied.

36. Plaintiff's thirty-fifth allegation is denied.

37. Plaintiff's thirty-sixth allegation is denied.

38. Plaintiff's thirty-seventh allegation is denied.

39. Plaintiff's thirty-eighth allegation is denied.

40. Plaintiff's thirty-nineth allegation is denied.

41. Plaintiff's fortieth allegation is denied.

42. Plaintiff's forty-first allegation is denied.

43. Plaintiff's forty-second allegation is denied.

44. Plaintiff's forty-third allegation is denied.

45. Plaintiff's forty-fourth allegation is denied.

46. Plaintiff's forth-fifth allegation is denied.

47. Plaintiff's forty-sixth allegation is denied.

48. Plaintiff's forty-seventh allegation is denied.

49. Plaintiff's forty-eighth allegation is denied.

## COUNT II
## ACTION FOR FRAUD
*Against Dealership and Holder*

50. Defendants reallege and reaver the Answers set forth in Paragraphs 1 through 29 above as is fully set forth herein.

51. Plaintiff's forty-nineth allegation is admitted.

CASE NO. 1:23-cv-23791

52. Plaintiff's fiftieth allegation is admitted.

53. Plaintiff's fifty-first allegation is denied.

54. Plaintiff's fifty-second allegation is denied.

55. Plaintiff's fifty-third allegation is denied.

56. Plaintiff's fifty-fourth allegation is denied.

57. Plaintiff's fifty-fifth allegation is denied.

58. Plaintiff's fifty-sixth allegation is denied.

59. Plaintiff's fifty-seventh allegation is denied.

## COUNT III
## ACTION FOR NEGLIGENT MISREPRESENTATION
*Against Dealership and Holder*

60. Defendants reallege and reaver the Answers set forth in Paragraphs 1 through 29 above as is fully set forth herein.

61. Plaintiff's fifty-eighth allegation is admitted.

62. Plaintiff's fifty-nineth allegation is admitted.

63. Plaintiff's sixtieth allegation is denied.

64. Plaintiff's sixty-first allegation is denied.

65. Plaintiff's sixty-second allegation is denied.

66. Plaintiff's sixty-third allegation is denied.

67. Plaintiff's sixty-fourth allegation is denied.

68. Plaintiff's sixty-fifth allegation is denied.

69. All allegations not specifically admitted are denied.

CASE NO. 1:23-cv-23791

## **AFFIRMATIVE DEFENSES**

1. For their First Affirmative Defense, Defendants assert that Plaintiff is estopped from seeking recovery due to the inapplicability of the statute referenced in Plaintiff's Complaint. 49 U.S. Code §32705 discusses the Disclosure Requirements on Transfer of Motor Vehicle and in pertinent part states:

> **(1)DISCLOSURE REQUIREMENTS.—**
> Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
> **(A)** Disclosure of the **cumulative mileage** registered on the odometer.
> **(B)** Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.
> **(2)** A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.

Defendant cites to the above reference federal statute claiming that Defendant failed to disclose the milage of the Vehicle to Plaintiff through adequate means. This allegation cannot be further from the truth. On or about April 24, 2023, Plaintiff signed and executed an Odometer Disclosure Statement, in full compliance with Federal Odometer Act. ***Odometer Disclosure States is attached hereto as Exhibit "A".*** Accordingly, Defendant's actions are in full compliance with the Federal Odometer Act and 49 U.S. Code § 32705. As a result, Count I fails to state a cause of action. Therefore, the Court should dismiss Counts I of the Complaint with prejudice.

2. For its Second Affirmative Defense, Defendants assert that Plaintiff is estopped from seeking recovery due to the failure specifically state Defendants' alleged "fraudulent" conduct. Plaintiff claims Defendant omitted material facts by failing to disclose the prior ownership of the Vehicle. This claim does not offer legal or intelligible standards for this Court to grant Count II. Plaintiff claims that Defendant's failure to disclose prior ownership of the Vehicle constitutes a false representation of material fact. In support, Plaintiff cites no case law, statute, or

6

industrial standard as to what constitutes a material fact. In the event Plaintiff's nameless standard refers to 49 C.F.R. §580.5(c) Defendant is inherently incorrect. 49 C.F.R. §580.5(c):

> **(c)** In connection with the transfer of ownership of a motor vehicle, the transferor **shall disclose the mileage** to the transferee on the physical or electronic title or, except as noted below, on the physical document being used to reassign the title. In the case of a transferor in whose name the vehicle is titled, the transferor shall disclose the mileage on the electronic title or the physical title, and not on a reassignment document. This disclosure must be signed by the transferor and must contain the transferor's printed name. In connection with the transfer of ownership of a motor vehicle in which more than one person is a transferor, only one transferor need sign the disclosure. In addition to the signature of the transferor, the disclosure must contain the following information:
>
> **(1)** The odometer reading at the time of transfer (not to include tenths of miles);
>
> **(2)** The date of transfer;
>
> **(3)** The transferor's printed name and current address;
>
> **(4)** The transferee's printed name and current address; and
>
> **(5)** The identity of the vehicle, including its make, model, year, body type, and vehicle identification number.

As mentioned previously, On or about April 24, 2023, Plaintiff signed and executed an Odometer Disclosure Statement, in full compliance with Federal Odometer Act. *See* **Exhibit "B"**. The Odometer Disclosure Statement contains all of the required information pursuant to federal law and speaks for itself. Accordingly, Defendant's actions are in full compliance with the Federal Odometer Act and 49 C.F.R. §580.5. As a result, Count II fails to state a cause of action. Therefore, the Court should dismiss Counts II of the Complaint with prejudice.

3.  For its Third Affirmative Defense, Defendants assert that Plaintiff is estopped from seeking recovery due to the failure to show how Defendants negligently misrepresented Plaintiff. Similar to the previous Counts Plaintiff continues to allege false claims that have no basis in fact or law. For example, Plaintiff claims that "the Dealership misrepresented and failed to disclose material facts concerning the condition and history of the Vehicle which were false." *See Plaintiff's*

*Complaint Page 11*. Plaintiff is attempting to state a claim without factual allegations. A complaint that alleges that defendant caused an injury, without explanation as to how it occurred, does not meet the requirements for a complaint. Fed. Rules Civ. Proc. Rule 8. As a result, Count III fails to state a cause of action. Therefore, the Court should dismiss Counts III of the Complaint with prejudice.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record, and by regular mail to the parties listed in the Service List for manual service on this 27th day of November 2023.

>
> ERRA LAW
> 2601 S. Bayshore Dr.
> 18th Floor
> Coconut Grove, Florida 33133
> Telephone:   (305) 444-5969
> Primary:     CR@erralaw.com
> Secondary:   service@erralaw.com
>
> BY:   */s/ Carlos F. Rodriguez*
> CARLOS F. RODRIGUEZ ESQUIRE
> Florida Bar No. 97655
> *Counsel for Defendants*